UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM BEEBE,

      Petitioner,      Case No. 2:16-cv-1

v.              Honorable ROBERT HOLMES BELL

CATHERINE BAUMAN,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition for the reason that it is barred by the one year statute of limitations period under 28 U.S.C. § 2244. 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofA) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner was convicted by a jury of first degree criminal sexual conduct and second degree criminal sexual conduct on July 19, 2011. On August 11, 2011, Petitioner was sentenced to life imprisonment for first degree criminal sexual conduct and 25 to 50 years imprisonment for second degree criminal sexual conduct. Petitioner filed an appeal of right. On February 7, 2013, the Michigan Court of Appeals affirmed Petitioner's convictions. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 2, 2013. Although, Petitioner did not file a petition for certiorari in the United States Supreme Court, the ninety days in which he could have filed is excluded from the statute of limitations. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner's judgment became final on Tuesday, December 31, 2013. By the time Petitioner filed his motion for relief from judgment in the trial court on March 19, 2014, Petitioner had 287 days left to file a Petition for writ of habeas corpus. Petitioner's motion for relief from judgment tolled the statute of limitations period. The Circuit Court issued a decision on August 5, 2014. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals in October 2014. On January 28, 2015, the Michigan Court of Appeals dismissed the application for failing to pursue the case in conformity with the rules. Petitioner never filed an application to appeal in the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Petitioner had 56 days, or until March 25, 2015, to file an application to appeal in the Michigan Supreme Court. Because Petitioner failed to file an application for leave to appeal in the Michigan Supreme Court, the one year limitations began to run again on March 26, 2015. After 286 days elapsed, with 1 day remaining to timely file the petition, Petitioner dated his petition on January 6, 2016. Respondent

concedes that the petition should be considered filed on this date. The application is deemed filed when it is handed to prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Since the petition was received by the court on January 8, 2016, it must have been handed to a prison official prior to that date. In the opinion of the undersigned, the petition was timely filed under the one year statute of limitations period.

In Footnote number 4 of Respondent's brief, it is asserted that Petitioner's application for leave to appeal to the Michigan Court of Appeals regarding the trial court's denial of the motion for relief from judgment, was "arguably" not properly filed. The application was dismissed under MCR 7.201(B)(3) for failing to pay the filing fee. ECF No. 8-12, PageID.611. However, Respondent did not develop this argument and instead asserts that even if the application tolled the limitations period, the petition was untimely. The application for post-conviction relief must be "properly filed." An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In *Williams v. Bauman*, 2014 WL 7338766 (E.D. Mich. Dec. 22, 2014) the Court found that the limitations period for filing a habeas action in federal court was tolled once the application was filed in the appellate court, until the date on which the Michigan Court of Appeals dismissed the application for leave to appeal for failure to pay the filing fee. Respondent has not established that the application for leave to appeal filed by Petitioner in the Michigan Court of Appeals was not properly filed.

Accordingly, it is recommended that Respondent's motion to dismiss the writ of habeas corpus (ECF No. 7) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:      August 29, 2016             */s/ Timothy P. Greeley*
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE