UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM BEEBE,

        Petitioner,

                                              Case No. 2:16-cv-1

v.

                                              HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

        This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely on June 23, 2016. (ECF No. 7.) The matter was referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation ("R&R") on August 29, 2016, recommending that this Court deny Respondent's motion to dismiss. (ECF No. 11.) The matter is before the Court on Respondent's objections to the R&R. (ECF No. 12.)

        This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious.").

Respondent objects to the Magistrate Judge's finding that the State did not develop the argument of a delayed application. Respondent also objects to the Magistrate Judge's calculation of the statute of limitations period. Respondent argues that because Petitioner failed to properly file his petition to the Michigan Court of Appeals, his limitations period did not toll while the court considered his petition. Respondent argues that the limitations period expired on May 21, 2015. Petitioner filed his petition on January 8, 2016.

## I.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), provides that petitions must be filed within the one-year statute of limitations period. The period "shall run from the . . . date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The period is tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.*; *see also Duncan v. Walker*, 533 U.S. 167, 169 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The pendency of a state post-conviction motion continues "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review." *Whitcomb v. Smith*, 23 Fed. App'x 271, 273 (6th Cir. 2001); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (concluding that tolling extended "until the application has achieved final resolution through the State's post-conviction procedures").

## II.

Petitioner's conviction became final on December 31, 2013[1], and that is when the one-year statute of limitations began. On March 19, 2014, Petitioner filed a motion for relief from judgment. (ECF No. 11, PageID.656.) Because he timely filed the motion, the limitations period was tolled until the Circuit Court issued a decision on August 5, 2014. (*Id.*) Petitioner filed an application for leave to appeal on October 28, 2014. (ECF No. 8-12, PageID.614.) The Michigan Court of Appeals dismissed the application for "failure to pursue the case in conformity with the rules. MCR 7.201(B)(3)." (*Id.* at PageID.611.) Petitioner did not properly file this application, so it did not toll the statute of limitations. *See Paige v. Birkett*, No. 05-CV-71917-DT, 2006 WL 273619, at *5 (E.D. Mich. Jan. 31, 2006) (citing *Herbert v. Jones*, 351 F. Supp. 2d 674, 677 (E.D. Mich. 2005)). Petitioner had 6 months from August 6, 2014 to file a timely appeal to the Michigan Court of Appeals, Mich. Ct. R. 7.205(G)(3), and the statute of limitations was tolled during that time. *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Thus, the statute of limitations period expired on November 19, 2015.[2] But Petitioner did not file his federal habeas petition until January 8, 2016.

---

[1] This is 90 days after the Michigan Supreme Court's denial of Petitioner's application for leave to appeal on October 2, 2013 because Petitioner did not file a petition for certiorari in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007).

[2] After the Circuit Court denied Petitioner's motion for relief from judgment on August 5, 2014, Petitioner had 287 days left to file a federal petition. His statute of limitations period was tolled for the time in which he could have filed a timely appeal to the Michigan Court of Appeals, which was February 5, 2015. Mich. Ct. R. 7.205(G)(3). The statute of limitations period began to run again on February 6, 2015. Therefore, it expired on November 19, 2015.

In Respondent's motion to dismiss, she first argues that Petitioner's application to the Michigan Court of Appeals was not timely filed, so the statute of limitations was not tolled. (ECF No. 7, PageID.87.)  This Court believes that Respondent adequately raised this argument in her motion to dismiss.  Petitioner did not timely file his habeas petition, and he has not shown that he is entitled to statutory or equitable tolling, nor has he alleged actual innocence.  Therefore, his petition is barred by the statute of limitations.  Accordingly,

**IT IS HEREBY ORDERED** that Respondent's objections to the R&R (ECF No. 12) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 11) is **REJECTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.  28 U.S.C. § 2253(c).  Reasonable jurists would not disagree with the Court's conclusion that the petition is untimely.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will enter in accordance with this memorandum opinion and order.


Dated: November 14, 2016                     /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE